McFarland, J.,
delivered the opinion of the court.
This is a bill to enforce a vendor’s lien, and a cross-bill for rescission, there being no written memorandum of the contract of sale.
The relief on the cross-bill was granted, and an account taken of the purchase money and taxes paid, and also of the rents chargeable to the vendees, and the allowance which should be made for betterments placed by them upon the lands.
The complainants in the original bill bring the case to this court by writ of error, and it has been earnestly argued that the decree is erroneous in the matter of rents and betterments.
The property is a small tract of land near the town of Belleville, in Crockett county, comprising^ about fifty-two acres of cleared land, with dwelling house and outbuildings. The clerk, in stating the account of rents, puts down so many acres of the land cultivated in cotton and corn at $5.50 per acre, and so many acres in small grain or peas at $2.75 per acre, and calculates the result upon this basis. It is insisted that this is erroneous, because it excludes from computation the value of the rents of the houses and improvements, and also because the rents should be ascertained without regard to the crops actually planted or sown upon the land.
In the testimony the complainant Neal, attempted to show that the lands were worth a certain sum of rents *654 per acre, and that the houses and improvements were worth an additional sum by the year, that the lands and houses might have been rented separately, the lands to farmers, the buildings to traders or business men doing business in the village.
This view of the case was properly rejected. The defendants, Cole and wife, went into the premises under their purchase as a whole, and the simple question was, what was the annual cash value of the rents of the entire premises as a whole in their hands?
Certainly, in estimating these rents, the buildings should be included as part of the premises, and taken into the account in fixing the rents. The form in which the clerk puts it is erroneous, inasmuch as it would seem to estimate the rents exclusive of the houses. But when we look to the record we find that the weight of proof will not justify a higher rent for the entire premises than is fixed by the clerk. The witnesses who made the estimate adopted, arrived at their estimate by taking the land at so much per- acre, the buildings included. That the prevailing prices for rents were at the sums stated, the landlord furnishing the renter the houses to live in. The buildings as described were of an ordinary character, suitable for a farmer to occupy, certainly not of unusual style or value. 'Flic witnesses also show that a difference should be made as to the crops sown on the land; the defendants are charged the highest price for much the largest part of the land.
As for the betterments, it is argued that nothing should be allowed for improvements placed upon the land after the defendants repudiated the purchase. We do not see that there was any actual repudiation until they filed their cross-bill in August, 1873, and the improvements claimed were placed upon the land before that time.
'Fhe question as to this, was not what the improvements cost, but how much they permanently enhanced the value *655 of tbe premises, and tbe amount fixed by tbe chancellor is sustained by tbe proof. In fact, in tbe great mass of testimony talien, only a few witnesses are made to speak directly to the point; it may be that the amount allowed is too much, but tbe weight of testimony sustains the chancellor.
The questions involved were the rents of this small tract of land for four years, and improvements of no very great consequence, yet we have a record of over five hundred pages, in which numerous other contracts for the renting of land in the vicinity, are gone into with remarkable particularity; other premises are described with great minuteness, and collateral issues multiplied almost indefinitely, and each side has with great formality excepted to almost every step taken by the other. Tet comparatively few questions have been put to the witnesses calculated to elicit the precise points at issue. And as the defendants have been to a great extent chargeable with this, we direct that they pay one-half the costs of this court, the complainant the other half. The costs of the court below as decreed by the chancellor.
Decree affirmed.